E-FILED
Tuesday, 03 April, 2007 03:19:06 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MELVIN GENENBACHER, and PATRICIA GENENBACHER, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 06-3064 |
| CENTURYTEL FIBER COMPANY II, LLC d/b/a/ LightCore, A CenturyTel Company, | ) ) ) ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Plaintiffs' Motion for Class Certification (d/e 11) (Motion). The Plaintiffs Melvin and Patricia Genenbacher filed this action on February 10, 2006, as a class action in the Illinois Circuit Court of the Eighth Judicial Circuit, Adams County, Illinois. They alleged that Defendant CenturyTel Fiber Company II, LLC d/b/a/ LightCore, a CenturyTel Company (LightCore), or its predecessor Digital Teleport, Inc. (DTI), illegally installed a network of fiber optic

1

telecommunication cables (Network) under their property and the property of the other putative class members without securing the proper authority to do so. They asserted claims for trespass, unjust enrichment, and declaratory relief for themselves and the other putative class members. Notice of Removal (d/e 1), Exhibit A, Class Action Complaint (Complaint). LightCore then removed the action to this Court pursuant to the Class Action Fairness Act of 2005 (CAFA). Notice of Removal; 28 U.S.C. §§ 1332(d) and 1453. This Court directed the Genenbachers to file a Motion for Class Certification so that the issue of certification could be addressed at an early practicable time in the proceeding. Text Order entered November 28, 2006; Fed. R. Civ. P. 23(c)(1)(A). In response, the Genenbachers filed the Motion. Neither side has asked for an evidentiary hearing on the issue of class certification. After careful review, the Court denies class certification because the class definition is improper and because common questions of law and fact do not predominate over individual issues.

## STATEMENT OF FACTS

DTI was formed in 1989 to construct and operate the Network over a five-state area in the central United States, including Illinois. According

to the Genenbachers, DTI placed hundreds of miles of cable across Illinois without first securing permission of the landowners. The Genenbachers allege that DTI frequently may have contracted with public utilities such as SBC/Ameritech to use their easements to bury fiber optic cable for the Network. The Genenbachers allege that these utilities did not have the authority to grant permission to install the Network in their easements. Complaint, ¶¶ 16-19.

In 2000, DTI attempted to negotiate easements for the Network that it had already installed. DTI hired a company call Linderlake Corporation to investigate the title of property along DTI's route from Springfield, Illinois, to the Indiana border. Memorandum of Law in Support of Plaintiffs' Motion for Class Certification (d/e 12), Exhibit A, Affidavit of Danny L Cossich (Cossich Affidavit), ¶ 2. In 2001, however, DTI terminated its relationship with Linderlake Corporation. Id., ¶¶ 3-7.

In 2003, DTI was in bankruptcy. CenturyTel, Inc. (CenturyTel), bought the assets of DTI in a bankruptcy sale free and clear of all liens and claims. Memorandum in Support of Defendant CenturyTel Fiber Company II, LLC's Motion to Dismiss (d/e 7) (LightCore Memorandum to Dismiss), Exhibit 1, Order Approving Sale; 11 U.S.C. § 363. CenturyTel then formed

LightCore to operate the Network. The Genenbachers allege that LightCore continues to wrongfully maintain and operate the Network in violation of the rights of the landowners in Illinois.

The Genenbachers bring three claims against LightCore. Counts I and II assert claims for damages for trespass and unjust enrichment. Count III asks for a declaratory judgment that LightCore has no valid easement or other right to occupy the putative class members' land and cannot exercise any dominion or control over the putative class members' land without the owners' consent or a decree of condemnation.

The Genenbachers ask the Court to certify the following class:

> All owners and former property owners in the State of Illinois whose land was not and is not subject to any easement for the purpose of operating a fiber optic telecommunications network but whose land CenturyTel Fiber Company II, LLC and or Digital Teleport, Inc. and their subsidiaries and affiliates have entered to install, maintain, or operate a fiber optic or other telecommunications cable network without obtaining the consent of the owner of the land.

Motion, ¶ 1. In order to certify a class action, the Genenbachers must propose a class over which the Court can enter a judgment that is enforceable, whether favorable or unfavorable, with respect to the members of the class. Fed. R. Civ. P. 23(c)(3). The Genenbachers must also show

that the proposed class meets all of the requirements of Federal Rule of Civil Procedure 23(a) and the requirements in one of the three subsections of Rule 23(b).  Amchem Products, Inc. v. Windsor, 521 U.S. 591, 613-14 (1997); Fed. R. Civ. P. 23(a) & (b).

For purposes of determining whether class certification is appropriate, the Court should not assume the allegations in the Complaint are true. Rather, the evidence presented must show that the factual and legal requirements for class certification have been met.  Szabo v. Bridgeport Machines, Inc., 249 F.3d 672, 676 (7th Cir. 2001).  The Genenbachers have the burden of establishing that these requirements have been met.  Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 596 (7th Cir. 1993).

The proposed class fails to meet the requirements of Rule 23(c)(3) because the Court cannot enter an adverse judgment that is enforceable against at least some of the proposed class members.  The proposed class is limited to those property owners and former owners, of property that is not subject to an easement for installation and maintenance of fiber optic telecommunication cable, who did not consent to DTI's or LightCore's installation and maintenance of the Network.  If LightCore proves that: (1) a particular parcel is subject to a valid easement, or (2) the property owner

of a particular parcel consented to LightCore's use of that parcel, then LightCore should be entitled to a judgment in its favor with respect to the owners of that particular parcel. The Court, however, could not enter judgment against that particular owner because the owner would no longer fit the class definition, quoted above. This type of class definition is called a "fail safe" class because the class definition precludes the possibility of an adverse judgment against class members; the class members either win or are not in the class. Ostler v. Level 3 Communications, Inc., 2002 WL 31040337 (S. D. Ind. August 27, 2002). The proposed class definition, thus, is improper because the Court cannot enter an adverse judgment against the class. Id.; Fed. R. Civ. P. 23(c)(3). The Motion must be rejected on these grounds alone.

The Genenbachers have also failed to show that the proposed class meets the requirements of Rule 23(b).[1] The Genenbachers must show that the class claims meet the requirements of one of the three subsections of Rule 23(b). LightCore argues that the claims must meet the requirements of Rule 23(b)(3). Rule 23(b)(3) requires a showing that the questions of

---

[1]Since the proposed class action does not meet the requirements of Rule 23(b), the Court does not need to address whether the class meets the requirements of Rule 23(a).

6

law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. If Rule 23(b)(3) applies, class members must be given notice and an opportunity to opt out of participation in the class action. Fed. R. Civ. P. 23(b)(3) & (c)(2)(B).

The Genenbachers agree that Rule 23(b)(3) applies to the damage claims for trespass and unjust enrichment, but argue that Rule 23(b)(2) applies to the declaratory judgment claim. Rule 23(b)(2) applies when the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate injunctive or declaratory relief with respect to the class as a whole. The right to the equitable or declaratory relief in these types of cases is generally dependant on the actions of the party opposing the class rather than the class members, and the impact of the relief is generally also imposed on the party opposing the class rather than the class members. See In re Allstate Ins. Co., 400 F.3d 505, 507 (7th Cir. 2005). Because of these factors, an opt-out provision for class members is not generally necessary. Id.

In this case, however, Rule 23(b)(3) should apply to all of the claims.

A review of the Complaint shows that the damage claims are the dominant claims. The Genenbachers ask for a judgment for all revenues received from the use of the Network, plus punitive damages. Complaint, at 9. This potential liability dominates the claim. As such, Rule 23(b)(3) should apply so that class members are given the option to opt out of participation in the class and to proceed on their own. Jefferson v. Ingersoll Intern., Inc., 195 F.3d 894, 897 (7th Cir. 1999).

Further, the declaratory judgment count asks the Court to declare that LightCore has no valid easement or other right to occupy each putative class member's land and cannot exercise any dominion or control over the putative class member's land without the owner's consent or a decree of condemnation. This declaration will require a determination of the interests in property of LightCore and the relevant land owner with respect to each parcel. When such individualized hearings are necessary to determine a right to declaratory relief, each class members should, again, be entitled to opt out of the proceeding in order to control the litigation of his individual circumstances. In re Allstate Ins. Co., 400 F.3d at 508. In such situations, the class action again must meet the requirements of Rule 23(b)(3) to proceed. Id.

Rule 23(b)(3) requires a showing that common issues predominate over individual issues. The Genenbachers allege numerous common issues in the Complaint that all center on DTI's alleged trespass and installation of the Network on the putative class members' property, and LightCore's continued operation of the Network. Complaint, ¶¶ 8-9. The only evidence submitted to support these claims is the Cossich Affidavit. The Cossich Affidavit, however, does not prove these allegations. Cossich states that, "Representatives of DTI stated that the work [to be performed by Linkerlake Corporation for DTI] was necessary to correct trespasses DTI committed in installing telecommunications cable . . . and to prevent additional trespasses." Cossich Affidavit, ¶ 2. The statements by DTI representatives are inadmissible hearsay. Fed. R. Evid. 801. DTI is not a party. CenturyTel bought DTI's assets out of bankruptcy; there was no merger or other corporate reorganization that would allow DTI's statements to be imputed to CenturyTel or LightCore. Thus, the supposed admissions by DTI that trespasses occurred are inadmissible. The Genenbachers present no other evidence to show that the common issues alleged in the Complaint exist.

The Genenbachers also argue that an additional common issue exists

because LightCore has raised as a defense the fact that it acquired the Network through DTI's bankruptcy free and clear of all liens and claims. This issue is common to all of the putative class members. LightCore asserts that any claim arose upon the installation of the Network by DTI and, thus, the class members had claims against DTI in its bankruptcy. LightCore acquired the Network free and clear of those claims through the bankruptcy process. LightCore Memorandum to Dismiss, at 13-15. The Genenbachers argue that LightCore's subsequent possession and use of the Network constitutes a separate wrong in the form of a continuing trespass for which the class members are entitled relief. Plaintiffs' Response in Opposition to Motion to Dismiss (d/e 9), at 4-8.

This one common issue does not predominate over the individual matters raised by the class claims. The Genenbachers' claims are premised on the allegation that LightCore has no easement or other right or permission to maintain or operate the Network on each parcel. To resolve issues of liability, the Court will need to determine whether LightCore had an easement or other right with respect to each parcel. The Court will be required to determine the state of the title of each parcel and whether LightCore has a license or contract with each property owner. "Because

each of the property owners' claims requires an individualized determination of the owner's rights and [LightCore's] rights with respect to the particular parcel of land at issue, common questions do not predominate." Ostler, 2002 WL 31040337, at *8; accord e.g., Isaacs v. Sprint Corp., 261 F.3d 679, 682 (7th Cir. 2001); McDaniel v. Qwest Communications Corp., 2006 WL 1476110, at *13-*14 (N. D. Ill. May 23, 2006). But see Fisher v. Virginia Elec. and Power Co., 217 F.R.D. 201 (E. D. Va. 2003).[2] Common issues do not predominate. Class certification is denied.

The Genenbachers argue that issues about whether LightCore has easements or consent to operate the Network on a particular parcel is a speculative defense raised by LightCore and should not be considered in deciding the issue of class certification. The Court disagrees. First, the Genenbachers alleged in the Complaint that DTI secured permission to use utility easements from public utilities such as Ameritech/SBC. Complaint, ¶¶ 16-19. Thus, the issue is raised by them, not LightCore. Second, the

---

[2] The Fisher case involved a fiber cable network that Virginia Electric and Power Company installed in its existing utility easements. The case required examination of 4,100 right-of-way and easement documents, 2,200 of which were directly relevant to determine liability. Fisher, 217 F.R.D. at 206. The Court respectfully disagrees with the Fisher court's conclusion that common issues predominate over so many individualized factual matters.

Genenbachers' claims are premised on the allegation that LightCore has no easement or other right or permission to be on each parcel. This allegation puts at issue the state of the title of each parcel and whether LightCore has a license or contract with each property owner. The common issues do not predominate over these individual matters. Fed. R. Civ. P. 23(b)(3).

The Genenbachers attempt to distinguish the fiber optic network cases that have rejected class certification on the grounds that most of those cases involved railroad rights of way. It is true that the railroad right of way cases may be more complicated, but still, the fundamental problem remains; to determine liability, the Court must determine the state of the title of each parcel. This aspect of the claims raises individual issues with respect to each parcel and each owner. The common issues of LightCore's or DTI's actions or defenses do not predominate over these individual issues. Class certification is not proper.

Because class certification is denied, this action becomes an individual action by the Genebachers. See Culver v. City of Milwaukee, 277 F.3d 908, 915 (7th Cir. 2002). LightCore removed this case to this Court based on the existence of the class claims that meet the jurisdictional requirements under CAFA. Notice of Removal; 28 U.S.C. §§ 1332(d); 1453. The Court

questions whether it continues to have removal jurisdiction over the Genenbachers' individual claims after denial of class certification. See 28 U.S.C. § 1447(c). The Court directs the parties to submit memoranda by April 27, 2007, addressing the Court's continued removal jurisdiction over this matter.

THEREFORE, Plaintiffs' Motion for Class Certification (d/e 11) is DENIED. The Court directs the parties to submit memoranda by April 27, 2007, addressing the question of the Court's continued jurisdiction over this matter after denial of class certification.

IT IS THEREFORE SO ORDERED.

ENTER:           April   3      , 2007.

       FOR THE COURT:

                              s/Jeanne E. Scott
                              JEANNE E. SCOTT
                        UNITED STATE DISTRICT JUDGE