IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MELVIN GENENBACHER and ) <br> PATRICIA GENENBACHER, on ) <br> behalf of all others similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CENTURYTEL FIBER COMPANY ) <br> II, LLC, d/b/a LightCore, ) <br> A CenturyTel Company, ) <br> ) <br> Defendant. ) | No.  06-3064 | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Court's inquiry into its continuing subject matter jurisdiction over this matter.  Plaintiffs Melvin Genenbacher and Patricia Genenbacher filed their class action complaint in Adams County, Illinois, Circuit Court.  Notice of Removal (d/e 1), attached Class Action Complaint (Complaint). Defendant CenturyTel Fiber Company II, LLC, d/b/a LightCore, A CenturyTel Company (LightCore), removed this action to this Court because the action met the jurisdictional requirements under the Class Action Fairness Act of 2005 (CAFA). 28

1

U.S.C. §§ 1332(d) & 1453. The Court denied Genenbachers' request for class certification and instructed the parties to submit memoranda concerning whether the Court retains subject matter jurisdiction over this action. Opinion entered April 3, 2007 (d/e 20), at 12-13.

This Court has reviewed the parties' memoranda and researched the matter further, and determined that this Court retains jurisdiction. This case is fundamentally based on diversity jurisdiction. CAFA changed the requirements for meeting diversity jurisdiction for class actions, but did not establish a new basis for jurisdiction. Diversity jurisdiction is determined at the time the complaint is filed. Subsequent changes to the residency of the parties or the amount in controversy does not destroy diversity jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291-95 (1938); Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 816 (7th Cir. 2006). At the time of the filing, the Complaint alleged facts that invoked this Court's removal jurisdiction based on diversity of citizenship under CAFA. The subsequent reduction in the amount in controversy and elimination of the class claims does not remove that diversity jurisdiction.

The Court further certifies that it is of the opinion that this order involves a controlling question of law as to which there is substantial ground

for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of this litigation. 28 U.S.C. § 1292(b). Cf. McGaughey v. Treistman, No. 05 CV 7069, 2007 WL 24935 (S. D. N. Y., January 4, 2007) (holding that the Court loses removal jurisdiction under CAFA upon denial of class certification). The Genenbachers may, therefore, petition the Circuit Court of Appeals for leave to file an immediate interlocutory appeal. 28 U.S.C. § 1292(b); Fed.R.App.P. 5.

## BACKGROUND

The Genenbachers filed the Complaint on February 10, 2006. The Complaint only alleged state law claims for trespass, declaratory judgment, and unjust enrichment. Thereafter, LightCore removed this action to this Court asserting removal jurisdiction under CAFA because LightCore and the Genenbachers were citizens of different states, the number of putative class members exceeded 100, and the aggregate class claims exceeded $5,000,000.00. Notice of Removal, ¶ 5. See 28 U.S.C. §§ 1332 (d), 1441(a), 1453(b). LightCore then filed a Motion to Dismiss (d/e 6). The Court directed the parties to address the issue of class certification before the Court considered the Motion to Dismiss. Text Order entered November

3

28, 2006. The Genenbachers filed a Motion for Class Certification (d/e 11). The parties then briefed the issue, and the Court denied certification. Opinion entered April 3, 2007 (d/e 20), at 13. The Court then, sua sponte, raised the issue of its continuing jurisdiction. Id., at 12-13.

## ANALYSIS

Article III of the Constitution enumerates the matters over which this Court may have jurisdiction and authorizes Congress to set the specific limits of that jurisdiction. U.S. Const. Art. III. One enumerated basis on which Congress may authorize this Court to exercise jurisdiction is cases and controversies "between Citizens of different States." Id., § 2, cl. 1. Congress has generally authorized this Court to exercise removal jurisdiction over matters originally filed in state court if this Court would have had original diversity jurisdiction over the matter, the defendant is not a citizen of the state in which the action was brought, and other procedural requirements are met. 28 U.S.C. §§ 1441 & 1446.

In enacting CAFA, Congress modified the limits of this Court's diversity jurisdiction to include certain class actions that otherwise would not meet jurisdictional requirements. Congress required only minimal diversity of citizenship between the parties instead of complete diversity.

28 U.S.C. § 1332(d)(A).[1]  Congress allowed aggregation of claims to compute the jurisdictional amount of $5,000,000.00; the general diversity jurisdiction statute does not allow aggregation.  28 U.S.C. § 1332(d)(6); Snyder v. Harris, 394 U.S. 332, 336-38 (1969).[2]  These modifications did not change the constitutional basis of jurisdiction.  The constitutional basis is diversity of citizenship.  The principles that govern removal jurisdiction based on diversity, therefore, apply.

Federal courts determine removal jurisdiction at the moment that the case is removed.  Matter of Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992).  Subsequent determinations that the plaintiff will not be able to prove the jurisdictional facts alleged do not affect continued jurisdiction.  St. Paul Mercury Indem. Co., 303 U.S. at 293-94.  Thus, the Court's denial of class certification did not affect the Court's continued diversity jurisdiction over this matter.

At least one court disagrees with this analysis.  McGaughey, 2007 WL 24935, at *3.  The McGaughey Court concluded that it had CAFA

---

[1] The Constitution only requires minimal diversity.  State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 531 (1967).

[2] CAFA also modifies other aspects of removal jurisdiction that are not relevant in this case.  E.g., 28 U.S.C. § 1453(b) (a defendant may remove a state court action even if the defendant is a citizen of the state in which the action is brought).

jurisdiction over only the class claims. Once the <u>McGauhey</u> Court denied class certification, the Court concluded that it did not have jurisdiction over the plaintiffs' individual claims unless at least one claim met the $75,000.00 jurisdictional amount for diversity jurisdiction. <u>Id.</u> None met this threshold. The Court then dismissed the case for lack of jurisdiction. <u>Id.</u>, at *4.

This Court respectfully disagrees with this analysis. A case brought or removed under CAFA invokes this Court's diversity jurisdiction. Once this Court has diversity jurisdiction, subsequent determinations that the plaintiffs cannot establish the jurisdictional facts do not affect the continued jurisdiction of this Court. <u>St. Paul Mercury Indem. Co.</u>, 303 U.S. at 293-94.

In addition, this Court still continues to have jurisdiction based on Genenbachers' class claims because those have not been finally resolved. The denial of certification is an interlocutory order that may be altered or amended before final judgment. <u>Fed.R.Civ.P.</u> 23(c)(1)(C). The Genenbachers could conceivably renew the class certification request based

on new evidence or some other appropriate ground.[3] Because the class claims are not finally resolved, they remain part of this case, and this Court retains jurisdiction until a final judgment can be entered on those claims.[4]

THEREFORE, this Court determines that it continues to retain jurisdiction over this matter and will proceed to address the pending Motion to Dismiss (d/e 6). This Court further certifies that it is of the opinion that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this Opinion may materially advance the ultimate termination of this litigation. 28 U.S.C. § 1292(b). Cf. McGaughey, 2007 WL 24935 (holding that the Court loses removal jurisdiction under CAFA upon denial of class certification). The parties may petition the Circuit Court of Appeals for leave to file an immediate interlocutory appeal. 28 U.S.C. § 1292(b);

---

[3]If the matter were remanded to state court, the Genenbachers could renew the class certification motion in state court. That would place the state court in the difficult position of deciding the effect of this Court's interlocutory order. LightCore also might attempt to remove the case again. This would raise issues about whether the second removal would be timely or otherwise appropriate. Given that there is no final judgment on the class claims at this time, this Court should retain jurisdiction.

[4]This situation is different from a case in which the plaintiff removes a federal question claim and a supplemental state claim, and the court dismisses the federal claim with prejudice. In those situations, the court can enter final judgment on the federal question claim and decline to exercise jurisdiction on the state claims. In this case, this Court has not entered final judgment on the Genenbachers' class claims.

Fed.R.App.P. 5. The Clerk is directed to enter a Rule 58 interlocutory judgment on this Opinion to facilitate any request for interlocutory appeal.

IT IS THEREFORE SO ORDERED.

ENTER: May 12, 2007.

    FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE