E-FILED
Wednesday, 05 March, 2008 10:11:22 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

MELVIN GENENBACHER and )
PATRICIA GENENBACHER, )
)
Plaintiffs, )
)
v. ) No. 06-3064
)
CENTURYTEL FIBER )
COMPANY II, LLC, d/b/a LightCore, )
a CenturyTel Company, )
)
Defendant. )

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant's Motion to Dismiss Amended Complaint or, in the Alternative, Motion to Strike and for More Definite Statement (d/e 40) (Motion). Digital Teleport Inc. (DTI) installed a fiber optic cable network (Network) in Illinois. Part of the Network went underneath Plaintiffs Melvin Genenbacher and Patricia Genenbacher's property in Quincy, Illinois (Property). Defendant CenturyTel Fiber Company II, LLC, d/b/a LightCore, a CenturyTel Company (LightCore) purchased the Network out of DTI's bankruptcy, and

now operates the Network. The Court previously dismissed the Genenbachers' claims based on the installation and operation of the Network under the Property. Opinion entered May 17, 2007 (d/e 30) (2007 Opinion), at 8. The Genenbachers now seek injunctive and declaratory relief because they allege that LightCore may in the future wrongfully enter onto the Property to service the Network. Amended Complaint (d/e 38), ¶¶ 19, 20, 22, and Prayers for relief. LightCore moves to dismiss for lack of jurisdiction because the Genenbachers do not allege a sufficiently concrete controversy and immediate risk of harm to give them standing to bring either an injunctive or declaratory action. The Court agrees. The Motion is therefore allowed.

## STATEMENT OF FACTS

The Court set forth the factual allegations in this case in detail in the 2007 Opinion. 2007 Opinion, at 2-4. The Court explained that the Genenbachers could only assert a claim against LightCore if LightCore personnel physically entered the Property wrongfully. The Genenbachers had no claim against LightCore for DTI's installation of the Network and its subsequent operation as long as LightCore personnel did not physically enter onto the Property. 2007 Opinion, at 7-8.

The Genenbachers then filed the Amended Complaint. Count I of the Amended Complaint alleges:

> 19. The existence of Defendant's fiber optic network on Plaintiffs' property increases the potential for and likelihood of repeated trespasses by Defendant, and any damages recoverable at law for each individual trespass could be small thereby rendering the remedy at law inadequate.
>
> 20. Any such future trespasses would result in irreparable harm to Plaintiffs.

Amended Complaint, ¶¶ 19-20. The Genenbachers then ask for a permanent injunction to enjoin LightCore personnel from coming onto the Property. Amended Complaint, at 4, Prayer for relief in Count I.

Count II of the Amended Complaint incorporates the allegations in Count I and adds this additional allegation:

> 22. A genuine dispute exists between Defendant, on the one hand, and Plaintiffs, on the other hand, as to whether Defendant has the legal right to exercise dominion and control over land owned by Plaintiff.

Amended Complaint, ¶ 22. The Genenbachers then ask for a declaratory judgment that LightCore has no easement, license, or other right to enter onto the Property without either the Genenbachers' permission or a judicial decree of condemnation. Amended Complaint, at 5, Prayer for relief in Count II. The Amended Complaint does not assert a claim for damages for

any actual physical entry onto the Property by LightCore personnel.

LightCore filed the Motion to Dismiss for lack of jurisdiction. The Genenbachers' counsel then sent a letter by facsimile transmission to LightCore's counsel dated November 9, 2007 (November 9 Letter). The body of the November 9 Letter stated, in part:

> As you are aware we represent Melvin and Patricia Genenbacher, . . . . Please accept this as our clients' demand that CenturyTel Fiber Company II, LLC, d/b/a LightCore, a CenturyTel Company and all of its officers, directors, employees, agents, and assigns refrain from entering onto the Genenbacher's [sic] property at issue in this matter . . . at any time in the future for any reason. We would appreciate it if you would sign below to indicate your client's agreement. If we do not receive this executed document back from your office by the close of business on Monday, November 12, 2007 we will assume that your client will not agree to our clients' request.

Plaintiffs' Response to Defendant's Motion to Dismiss (d/e 44), Exhibit A, November 9 Letter.

LightCore's counsel responded by sending a letter by facsimile transmission to the Genenbachers' counsel dated November 12, 2007 (November 12 Response). This November 12 Response stated, in part:

> I am aware of no authority that requires LightCore to respond at all to your clients' demand or that you can bind my client by its silence. Moreover . . ., I don't know how LightCore can respond since it doesn't have any plans or intentions to enter your clients' property. As I have explained to you, a fiber

> optic cable does not need routine or periodic maintenance and LightCore has never informed your clients that it intends to service the stretch of cable across their property. Additionally, my client and its agents have never entered the Genenbachers' property at any time in the past. Your prior co-counsel acknowledged as much.

Defendant's Reply to Plaintiffs' Response to Motion to Dismiss Pursuant to FRCP 12(B)(1) (d/e 46), Exhibit 1, November 12, 2007 Response.

ANALYSIS

LightCore moves to dismiss the Amended Complaint for lack of jurisdiction under Rule 12(b)(1). Light Core argues that the Genenbachers do not allege a case or controversy requirement because the Genenbachers lack standing. LightCore's Motion relies on the face of the Amended Complaint. The Motion is, thus, analyzed as any other motion to dismiss, by assuming for purposes of the Motion that the allegations in the Complaint are true. United Phosphorus, Ltd. v. Angus Chemical Co., 322 F.3d 942, 946 (7th Cir. 2003). In response, the Genenbachers have gone outside of the pleadings to establish that standing in fact exists. To the extent that the Court considers the matters outside of the pleadings, the Genenbachers have the burden to prove that jurisdiction exists. Id.

To invoke federal jurisdiction, the Genenbachers must present an

actual case or controversy. See Flast v. Cohen, 392 U.S. 83, 95 (1968). The purpose of the requirement is to ensure that a plaintiff has "'a personal stake in the outcome' in order to 'assure that concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution of constitutional questions." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). The "case or controversy" requirement is the basis for a number of interrelated doctrines, including standing. See Smith v. Wisconsin Dept. of Agric., 23 F.3d 1134, 1141 (7th Cir. 1994). To establish standing, the Genenbachers must allege: (1) an "injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (2) a causal connection between the injury and the conduct complained; and (3) that a favorable decision likely will redress the injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)(internal quotations and citations omitted).

The Genenbachers do not allege an injury in fact. The Court previously held that the Genenbachers could only assert a claim for an actual physical entry onto the Property. 2007 Opinion, at 7-8. The Genenbachers do not allege that LightCore personnel have physically entered the Property or that a physical entry onto the Property is imminent.

The Genenbachers only allege that there is a potential and a likelihood that LightCore personnel will enter the Property in the future. Amended Complaint, ¶ 19. These allegations are hypothetical and conjectural and are not sufficient to establish standing.

The Genenbachers argue that the November 9 Letter and the November 12 Response show the existence of standing. These documents do not demonstrate an injury in fact that is concrete and actual or imminent. The Genenbachers asked LightCore in the November 9 Letter to agree to never enter the Property. LightCore responded in the November 12 Response that it has not entered onto the Property and has no plans to enter onto the Property. The two documents, at best, show a possibility of some harm in the future. The hypothetical possibility of harm is not sufficient to establish standing. Lujan, 540 U.S. at 560-61.

THEREFORE, Defendant's Motion to Dismiss Amended Complaint or, in the Alternative, Motion to Strike and for More Definite Statement (d/e 40) is ALLOWED. The claims alleged in the Amended Complaint are dismissed for lack of jurisdiction. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: March 6, 2008

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE